# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:12-97 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Cynthia Reed Eddy |
| OFFICER ANTHONY SCARPINE; *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted and it would be futile to allow Plaintiff the opportunity to file an amendment.

**II.  REPORT**

Plaintiff, a prisoner currently incarcerated at the State Correctional Institution at Northeast Ohio Correctional Center, Pennsylvania, brings this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against officers of the Pittsburgh Police Department complaining that they wrongfully arrested him, signed false reports under oath and made inconsistent statements, which led to his conviction. He claims that this conviction currently is on appeal. For the reasons that follow, Plaintiff's Complaint must be dismissed.

A. <u>Standard of Review</u>

This Court must review Plaintiff's Complaint in accordance with the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*, *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1] Defendants are officers or employees of governmental entities. In addition, Plaintiff has been granted leave to proceed *in forma pauperis* (ECF No. 4). Thus his allegations must be reviewed in accordance

---

1. *See* 28 U.S.C. §§ 1915(h); 1915A(c).

with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).[3]

### B. Liability under 42 U.S.C. § 1983

In his Complaint, Plaintiff complains that Defendants' actions led to his wrongful conviction. Resolution of Plaintiff's claims is dictated by the teachings of the United States Supreme Court as stated in Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973), and subsequent cases interpreting that opinion. In Preiser, the plaintiffs were state prisoners who were deprived of good-time credits as a result of disciplinary proceedings; they sought injunctive relief restoring

---

2. See, e.g., Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

3. This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Because it would be

3

their good-time credits, which would have resulted in their immediate release from confinement. In making its ruling in Preiser, the Court was called upon to determine the proper relationship between the Civil Rights Act and the federal habeas corpus statute, 28 U.S.C. § 2254. Despite the admitted "literal applicability" of § 1983 to the action before it, the Court concluded that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*., 411 U.S. at 500.

Over two decades later, the Supreme Court again examined the relationship between the federal civil rights law and habeas corpus actions in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

---

futile to allow Plaintiff to amend, this Court is recommending that the action be dismissed.

> expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added).

The law set forth above makes clear that, to the extent that Plaintiff is seeking immediate release from prison, he is precluded from seeking such relief through a civil rights complaint because, under <u>Preiser</u>, a federal habeas corpus petition is his only available avenue for immediate release. To the extent that Plaintiff is seeking monetary damages for the length of time he has been "unlawfully incarcerated," he is precluded from seeking such relief under the Supreme Court's pronouncement in <u>Heck</u> because a judgment in his favor necessarily would implicate the validity of his conviction and he has not shown that his conviction was legally invalidated on constitutional grounds through a writ of habeas corpus or other available means. *Accord* <u>Cook v. City of Philadelphia,</u> Civil No. 04-2173, 2005 WL 2600221, 2 (E.D. Pa. Oct. 12, 2005) (dismissing claims of improper jury selection as barred under <u>Heck</u>).

### III. <u>CONCLUSION</u>

For the reasons stated above, it is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

February 16, 2012

                                       /s/ Cynthia Reed Eddy
                                       Cynthia Reed Eddy
                                       United States Magistrate Judge

Alonzo Johnson
#21857039
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505